OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to withdraw his guilty plea. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR #I:
 "THE TRIAL COURT ERRED IN THE OMISSION OF THE NUMERICAL DESIGNATION OF THE OFFENSE IN THE INDICTMENT, AND THE OMISSION DEPRIVED THE ACCUSED OF HIS RIGHT TO ENJOY THE NATURE OF THE ACCUSATION AGAINST HIM."
On May 5, 1994, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11 and one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B). On August 1, 1994, appellant orally and in writing waived his right to trial by jury or to the court, withdrew his former plea of not guilty and entered a plea of guilty to the lesser included offense of burglary in violation of R.C. 2911.12. The second count of the indictment was dismissed at the time of sentencing. Appellant was found guilty and sentenced to serve five to fifteen years. On February 1, 1999, appellant filed a motion to withdraw his guilty plea. On February 8, 1999, the trial court denied appellant's motion, finding that the record did not establish "manifest injustice," as required by Crim.R. 32.1 for a plea to be withdrawn after sentence is imposed.
Appellant asserts on appeal, as he did in his motion, that his plea was not valid because the indictment failed to specify a subsection of R.C. 2911.11. Appellant claims to have been misled by the indictment.
A motion to withdraw a plea is addressed to the sound discretion of the trial court. Id., paragraph two of the syllabus. Absent an abuse of that discretion, we must affirm the decision of the trial court. State v. Hayes (July 25, 1997), Meigs App. No. 96CA23, unreported.
Crim.R. 32.1 governs the withdrawal of a guilty plea:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A defendant does not have an absolute right to withdraw a guilty plea. Once sentence has been imposed, a defendant may withdraw his plea only upon a showing that withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. A post-sentence withdrawal motion is allowable only in extraordinary cases. Statev. Smith (1977), 49 Ohio St.2d 261, 264. It is the defendant's burden to establish the existence of manifest injustice. Id., paragraph one of the syllabus.
Appellant appears to argue that if the original indictment fails to specify a specific subsection, a subsequent plea to a lesser included offense will not be valid. Appellant has failed to show either how the language in the indictment is relevant to his subsequent plea to a lesser included offense or that he suffered a "manifest injustice." Upon thorough consideration of the entire record of proceedings in the trial court, we find that the trial court's denial of appellant's motion to withdraw his guilty plea was not unreasonable, arbitrary or unconscionable and, therefore, not an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County
Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 _______________________________ JUDGE
 Richard W. Knepper, J.
_______________________________
Mark L. Pietrykowski, J.
JUDGE
CONCUR.
 _______________________________ JUDGE